STATE OF ILLINOIS      )
                       ) SS
COUNTY OF COOK         )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

STEVEN L. SNYDER,                              )
                                               )
    Plaintiff,                                )
                                               )
v.                                             )
                                               ) No.
CHICAGO UNION STATION COMPANY,                 )
a corporation, d/b/a UNION STATION OF          )
CHICAGO, and ABM JANITORIAL                    )
SERVICES – MIDWEST, LLC, a corporation,        )
                                               )
    Defendants.                              )

2017L013322
CALENDAR/ROOM Z
TIME 00:00
Premises Liability

### COMPLAINT AT LAW

### COUNT I

NOW COMES the Plaintiff, STEVEN L. SNYDER, by his attorneys, LAW OFFICES OF GREGORY G. BALOS, L.L.C., and complaining of defendants, CHICAGO UNION STATION COMPANY, a corporation, d/b/a UNION STATION OF CHICAGO, (hereinafter "UNION STATION"), states as follows:

1.    On September 27, 2017, prior thereto and at all times herein complained of UNION STATION was an entity existing and doing business in City of Chicago, County of Cook, State of Illinois.

2.    On September 27, 2017, prior thereto and at all times herein complained of UNION STATION owned, both directly and indirectly, individually and through its agents, a certain premises, commonly known as a commuter train hub station and retail center located at 500 West Jackson/225 South Canal Street in the City of Chicago, County of Cook, State of Illinois.

3.    On September 27, 2017, prior thereto and at all times herein complained of UNION STATION possessed, both directly and indirectly, individually and through its agents, a

certain premises, commonly known as a commuter train hub station and retail center located at 500 West Jackson/225 South Canal Street in the City of Chicago, County of Cook, State of Illinois.

4. On September 27, 2017, prior thereto and at all times herein complained of UNION STATION operated, both directly and indirectly, individually and through its agents, a certain premises, commonly known as a commuter train hub station and retail center located at 500 West Jackson/225 South Canal Street in the City of Chicago, County of Cook, State of Illinois.

5. On September 27, 2017, prior thereto and at all times herein complained of UNION STATION managed, both directly and indirectly, individually and through its agents, a certain premises, commonly known as a commuter train hub station and retail center located at 500 West Jackson/225 South Canal Street in the City of Chicago, County of Cook, State of Illinois.

6. On September 27, 2017, prior thereto and at all times herein complained of UNION STATION maintained, both directly and indirectly, individually and through its agents, a certain premises, commonly known as a commuter train hub station and retail center located at 500 West Jackson/225 South Canal Street in the City of Chicago, County of Cook, State of Illinois.

7. On September 27, 2017, prior thereto and at all times herein complained of UNION STATION controlled, both directly and indirectly, individually and through its agents, a certain premises, commonly known as a commuter train hub station and retail center located at 500 West Jackson/225 South Canal Street in the City of Chicago, County of Cook, State of Illinois.

8. At the time and place aforesaid, the plaintiff, STEVEN L. SNYDER, was an invitee lawfully upon said premises, and at the time of said occurrence and prior thereto, he was conducting himself in an orderly, peaceful and inoffensive manner.

9. At the time and place aforesaid, it was the duty of defendants, UNION STATION to own said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, STEVEN L. SNYDER.

10. At the time and place aforesaid, it was the duty of defendants, UNION STATION to possess said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, STEVEN L. SNYDER.

11. At the time and place aforesaid, it was the duty of defendants, UNION STATION to operate said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, STEVEN L. SNYDER.

12. At the time and place aforesaid, it was the duty of defendants, UNION STATION to manage said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, STEVEN L. SNYDER.

13. At the time and place aforesaid, it was the duty of defendants, UNION STATION to maintain said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, STEVEN L. SNYDER.

14. At the time and place aforesaid, it was the duty of defendants, UNION STATION to control said premises with a reasonable degree of care and caution to avoid injury to the plaintiff, STEVEN L. SNYDER.

15. At the time and place aforesaid, and prior thereto, the defendants, UNION STATION, well-knowing their duties in this regard, negligently and carelessly caused and permitted said premises to become and remain in an unsafe dangerous condition for persons, including the plaintiff, STEVEN L. SNYDER, using said premises, although the defendants knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous conditions.

16. At the time and place aforesaid, the plaintiff, STEVEN L. SNYDER, after exiting his train and taking the escalator upstairs, was walking in the aforementioned premises on his

way towards exiting the premises when he was caused to slip and fall on an unnatural accumulation of water on the floor.

17. At the time and place aforesaid, the defendants, UNION STATION, individually, aggregately and through their agents, servants and employees, were negligent and careless in one or more of the following acts and/or omissions:

(a) Improperly operating, managing, maintaining and controlling the aforesaid premises;

(b) Allowing and permitting the wet floor to remain in an unsafe and dangerous condition;

(c) Failing to properly and adequately inspect the wet floor when said defendants knew, or should have known, that said inspection was necessary to prevent injury to the plaintiff, STEVEN L. SNYDER.

(d) Failing to properly and adequately eliminate the unsafe and dangerous condition contained within the premises;

(e) Failing to make a reasonable inspection of the aforesaid premises, and specifically the wet floor area containing the unnatural accumulation of water, when the defendants knew, or should have known, that said inspection was necessary to prevent injury to plaintiff, STEVEN L. SNYDER.

(f) Failing to warn the plaintiff, STEVEN L. SNYDER, of the unsafe and dangerous condition, specifically the wet floor area containing the unnatural accumulation of water, upon and within the premises when defendants knew, or should have known, that said warning was necessary to prevent injury to said plaintiff;

(g) Failing to eliminate unsafe and dangerous conditions on its premises, namely the wet floor area containing the unnatural accumulation of water;

(h) Allowing, inviting and permitting the public, including the plaintiff, STEVEN L. SNYDER, to use the premises when the defendants knew, or should have known, of its unsafe and dangerous condition;

(i) Failing to monitor the condition of the premises, and specifically the wet floor area containing the unnatural accumulation of water, to determine whether any hazards for patrons, including the plaintiff, STEVEN L. SNYDER, were contained upon same;

(j) Failing to provide a safe means of walking within said premises for the public, including the plaintiff, STEVEN L. SNYDER, by allowing and permitting the wet floor area containing the unnatural accumulation of water to be utilized in an unsafe and dangerous condition;

(k) Failing to place the standard "wet floor" triangular cone near the wet floor area containing the unnatural accumulation of water to warn the public,

including the plaintiff, STEVEN L. SNYDER, of the unsafe and dangerous nature of the floor if walked upon; and

(l) Were otherwise negligent and/or careless in the performance of the duties they owed to the plaintiff, STEVEN L. SNYDER.

18. As a direct and proximate result of one or more of the above-mentioned acts and/or omissions of the defendants, UNION STATION, the plaintiff, STEVEN L. SNYDER, suffered severe and permanent personal injuries, as well as injuries of a pecuniary nature.

WHEREFORE, the Plaintiff, STEVEN L. SNYDER, demands judgment against defendants, CHICAGO UNION STATION COMPANY, a corporation, d/b/a UNION STATION OF CHICAGO, in a dollar amount in excess of fifty thousand dollars ($50,000.00), the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem properly, and additionally, costs of this suit.

## COUNT II

NOW COMES the Plaintiff, STEVEN L. SNYDER, by his attorneys, LAW OFFICES OF GREGORY G. BALOS, L.L.C., and complaining of defendant, ABM JANITORIAL SERVICES-MIDWEST, LLC, a corporation (hereinafter "ABM"), states as follows:

1. On September 27, 2017, prior thereto and at all times herein complained of ABM was an entity existing and doing business in City of Chicago, County of Cook, State of Illinois.

2. On September 27, 2017, prior thereto and at all times herein complained of, ABM, as the agent, servant or employee of UNION STATION and any other intermediary entity, was responsible for removing unnatural accumulations of water from the floors used by invitees/patrons, including the plaintiff, STEVEN L. SNYDER, mopping of said floors and related-maintenance of the premises within the commuter train hub station and retail center located at 500 West Jackson/225 South Canal Street in the City of Chicago, County of Cook, State of Illinois.

3. On September 27, 2017, and prior thereto and at all times herein complained of, ABM, as the agent, servant or employee of UNION STATION and any other intermediary entity,

by and through its own agents and/or employees, was present at the aforementioned premises as part and parcel of its responsibilities as set forth in paragraph 2 of Count II.

4. At the time and place aforesaid, the plaintiff, STEVEN L. SNYDER, was an invitee lawfully upon said premises, and at the time of said occurrence and prior thereto, he was conducting himself in an orderly, peaceful and inoffensive manner.

5. At the time and place aforesaid, ABM, having assumed a duty to remove unnatural accumulations of water from the floors upon said premises used by patrons/invitees, including the plaintiff, STEVEN L. SNYDER, had a duty to exercise and use reasonable care in the exercise of its aforesaid duties on the premises.

6. At the time and place aforesaid, it was the duty of defendant, ABM, to exercise and use a reasonable degree of care and caution to avoid injury to the plaintiff, STEVEN L. SNYDER.

7. At the time and place aforesaid, and prior thereto, the defendant, ABM, well-knowing its duties in this regard, negligently and carelessly caused and permitted said premises to become and remain in an unsafe dangerous condition for persons, including the plaintiff, STEVEN L. SNYDER, using said premises, although the defendants knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous conditions.

8. At the time and place aforesaid, the plaintiff, STEVEN L. SNYDER, after exiting his train and taking the escalator upstairs, was walking in the aforementioned premises on his way towards exiting the premises when he was caused to slip and fall on an unnatural accumulation of water on the floor.

9. At the time and place aforesaid, the defendants, ABM, individually, aggregately and through their agents, servants and employees, were negligent and careless in one or more of the following acts and/or omissions:

    (a)    Failing to perform its work upon the aforesaid premises;

    (b)    Allowing and permitting the wet floor to remain in an unsafe and dangerous condition;

(c) Failing to properly and adequately inspect the wet floor when said defendants knew, or should have known, that said inspection was necessary to prevent injury to the plaintiff, STEVEN L. SNYDER.

(d) Failing to properly and adequately eliminate the unsafe and dangerous condition contained within the premises;

(e) Failing to make a reasonable inspection of the aforesaid premises, and specifically the wet floor area containing the unnatural accumulation of water, when the defendants knew, or should have known, that said inspection was necessary to prevent injury to plaintiff, STEVEN L. SNYDER.

(f) Failing to warn the plaintiff, STEVEN L. SNYDER, of the unsafe and dangerous condition, specifically the wet floor area containing the unnatural accumulation of water, upon and within the premises when defendants knew, or should have known, that said warning was necessary to prevent injury to said plaintiff;

(g) Failing to eliminate unsafe and dangerous conditions on its premises, namely the wet floor area containing the unnatural accumulation of water;

(h) Allowing, inviting and permitting the public, including the plaintiff, STEVEN L. SNYDER, to use the premises when the defendants knew, or should have known, of its unsafe and dangerous condition;

(i) Failing to monitor the condition of the premises, and specifically the wet floor area containing the unnatural accumulation of water, to determine whether any hazards for patrons, including the plaintiff, STEVEN L. SNYDER, were contained upon same;

(j) Failing to provide a safe means of walking within said premises for the public, including the plaintiff, STEVEN L. SNYDER, by allowing and permitting the wet floor area containing the unnatural accumulation of water to be utilized in an unsafe and dangerous condition;

(k) Failing to place the standard "wet floor" triangular cone near the wet floor area containing the unnatural accumulation of water to warn the public, including the plaintiff, STEVEN L. SNYDER, of the unsafe and dangerous nature of the floor if walked upon; and

(l) Were otherwise negligent and/or careless in the performance of the duties they owed to the plaintiff, STEVEN L. SNYDER.

10. As a direct and proximate result of one or more of the above-mentioned acts and/or omissions of the defendant, ABM, the plaintiff, STEVEN L. SNYDER, suffered severe and permanent personal injuries, as well as injuries of a pecuniary nature.

WHEREFORE, the Plaintiff, STEVEN L. SNYDER, demands judgment against defendant, ABM JANITORIAL SERVICES-MIDWEST, LLC, a corporation, in a dollar amount in

excess of fifty thousand dollars ($50,000.00), the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem properly, and additionally, costs of this suit.

Respectfully Submitted,

One of the Attorneys for Plaintiff

Law Offices of Gregory G. Balos, L.L.C.
211 West Wacker Drive
Suite 1800
Chicago, Illinois 60606
(312) 379-0364
#35458